# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOSEPH WITCHARD,**

                  **Plaintiff,**

**-vs-**                                            **Case No.  6:13-cv-792-Orl-18KRS**

**DAVID KEITH, et al.,**

                  **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **May 20, 2013** |

## I.    BACKGROUND.

      On May 20, 2013, Plaintiff, Joseph Witchard, filed a complaint against David Keith, Jeff Seeger, and Don Ololade.  Doc. No. 1.  Witchard alleges that Keith is a U.S. Postal Inspector, Seeger is a U.S. Secret Service Agent, and Ololade is a U.S. Internal Revenue Service Agent.  *Id.* at 3.[1]  He alleges that, on February 26, 2010, Defendants executed a search warrant at Witchard's home and that Defendants seized two prepared book manuscripts during the execution of that

_____

     [1]  Throughout this Report and Recommendation, I refer to the page numbers assigned to Witchard's complaint by the CM/ECF system, not to the page numbers at the bottom of the pages of his complaint.

search warrant.  *Id.* at 5.  Witchard alleges that, on or about March 14, 2013, he filed a $15 million

lawsuit against Defendants for illegally confiscating the book manuscripts.[2]  *Id.* at 5-7.  Witchard

alleges that this lawsuit was eventually dismissed for failure to file a prompt change of address.

*Id.* at 7.  Witchard alleges that on May 10 and 16, 2013, respectively, Defendants came to the

houses of Witchard's sister (Julia Witchard) and wife (Terrie Witchard) and served them with

letters from the U.S. Department of Justice, United States Attorney's Office initiating (or

threatening to initiate) grand jury proceedings against them for conspiracy to file false IRS claims

and other unspecified actions.[3]  *Id.* at 5-7.  Witchard alleges that Defendants did this in retaliation

for his previous $15 million lawsuit against them.  *Id.* at 6-7.  He also alleges that Defendants "are

inducing the assistant U.S. Prosecutor's decision to prosecute" his wife and sister.  *Id.* at 7.

Witchard sets out his claims against Defendants in eight (8) "Claims," most of which

overlap, thereby making it unclear whether he is attempting to state eight (8) different counts or

theories of relief.  Broadly speaking, though, his complaint is filed pursuant to *Bivens v. Six

Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (and is designated as such

in the case caption).  Construing Witchard's *pro se* complaint liberally, as I must, he appears to

allege that Defendants are retaliating against him for previously exercising his constitutional right

to file a civil rights lawsuit against them by inducing the U.S. Attorney's Office to institute (or

threaten to institute) federal grand jury proceedings against his wife and sister.  In addition to the

---

[2]  Witchard provides the case number for the case, 6:10-cv-474-ORL-31GJK.  It does not appear that Defendants Seeger and Ololade were ever parties to that case, but I assume Witchard's allegation to be true for purposes of this Report and Recommendation.  *See* Case No. 6:10-cv-474-ORL-31GJK, Doc. Nos. 1, 13, 35.

[3]  Witchard's complaint is ambiguous as to whether the letters actually commenced federal grand jury proceedings against his wife and sister (*see* Doc. No. 1 at 5, stating that the letter initiated grand jury proceedings against Wichard's sister) or merely threatened to do so (*see id.* at 6, stating that the letter threatened a federal grand jury investigation).  In the Court's experience, a federal grand jury proceeding is not initiated via letter.

explicit allegation that Defendants violated Witchard's constitutional right to file civil rights lawsuits, Witchard's complaint also alleges that Defendants have been deliberately indifferent to him, his wife, and his sister.  *Id.* at 7.  Witchard also alleges that Defendants failed to show due diligence in filing criminal charges against Witchard, his sister, and his wife, and that Defendants violated Federal Rule of Evidence 615 and Federal Rule of Criminal Procedure 17(d) by serving threatening letters on Witchard's wife and sister when they have an obvious interest in the outcome of the case.  *Id.* at 6-7.  Finally, Witchard alleges that Defendants committed "substantial harassment" against his wife and sister by serving them with letters threatening to indict them.  *Id.* at 6.

Witchard states that he is suing Defendants in their personal and official capacities and seeks $5 million from each Defendant (for a total of $15 million).  *Id.* at 8.  Witchard's complaint also requests a preliminary injunction releasing his wife and sister from any grand jury proceedings enacted against them by Defendants.  *Id.*

## II.     APPLICABLE LAW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

## III.     ANALYSIS.

Witchard's complaint is due to be dismissed for multiple reasons.  First, Witchard purports to sue Defendants in both their personal and official capacities.  *Bivens*-type actions are not allowed against federal actors in their official capacities, and Witchard's claims are due to be dismissed insofar as they are asserted against Defendants in their official capacities.  *See Solliday v. Federal Officers*, 413 F. App'x 206, 209 (11th Cir. 2011) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001); *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994)).

Second, it is not entirely clear that Witchard has standing to pursue all of the claims stated in the complaint.  Rather, some portions of Witchard's complaint strongly suggest that he is seeking to vindicate the rights of his wife and sister, not just his own constitutional rights.  For example, Witchard alleges that Defendants "committed substantial harassment" of his wife and sister, were deliberately indifferent to his wife and sister, and failed to show due diligence in filing criminal charges against his wife and sister.  Doc. No. 1 at 6-7.  To the extent Witchard is attempting to pursue claims for violations of his wife and sister's rights – not his own – he lacks standing to do so, and his claims are due to be dismissed.[4]

Third, to the extent that Witchard is attempting to pursue an action for Defendants' violations of Federal Rule of Evidence 615 and Federal Rule of Criminal Procedure 17(d) (described as "Claim-V" in the complaint), he cannot do so.  Those rules are procedural rules that apply to lawsuits in federal court, not grants of substantive rights.

---

[4]  On this point, I also note that the only specific injury alleged by Witchard's complaint is that Defendants are depriving him of his constitutional right to file civil rights lawsuits.  Doc. No. 1 at 6.  However, the allegations of Witchard's complaint make it clear that he *did*, in fact, file a lawsuit against Defendants, thereby strongly suggesting that he has not been deprived of this constitutional right.  While it is certainly possible that Defendants' allegedly retaliatory actions could have negative effects on Witchard, the complaint as currently formulated does not appear to include such facts.  Accordingly, it is not clear that Witchard has standing to pursue his claims, even to the extent he is attempting to vindicate his own rights and not simply those of his wife and sister.

Fourth, it is unclear whether "Claim-VII" and "Claim-VIII" are intended to be separate from Witchard's broad claim that Defendants retaliated against him by inducing the U.S. Attorney's Office to institute (or threaten to institute) federal grand jury proceedings against his wife and sister.  Claim-VII alleges that Defendants are being deliberately indifferent to Witchard, his wife, and his sister.  Doc. No. 1 at 7.  Claim-VIII alleges that Defendants failed to show due diligence in filing criminal charges against Witchard, his wife, and his sister.  *Id.*  To the extent these claims are separate from the retaliation claim, they are due to be dismissed.  In addition to the standing issues mentioned above, Witchard's allegations of "deliberate indifference" and lack of "due diligence" are wholly conclusory and lacking in factual support.  Absent factual support for these conclusory allegations,Witchard has, at best, shown the mere possibility of misconduct, which is not sufficient to state a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing Fed. R. Civ. P. 8(a)(2)).  Even if these claims were factually supported, it is also not at all clear that Witchard is alleging the violation of some constitutional right in connection with them, as required to maintain a *Bivens* action.

Because Witchard is proceeding *pro se*, he should be given leave to amend his claims.  In an amended complaint, Witchard should clearly state the constitutional right or rights that underlie his *Bivens* action.  If Witchard is attempting to bring causes of action that are separate from his *Bivens* actions, he should clearly set forth those causes of action as separate counts.  He should also allege facts supporting his cause(s) of action and showing why they are plausible.  He must name as Defendants only those individuals or entities who are responsible for the alleged violations.  He should not bring *Bivens* claims against Defendants in their official capacities.  He also should not attempt to pursue claims on behalf of his wife and sister.  Instead, he should allege

facts showing that he has standing to pursue these claims, including facts explaining how he has been injured by the Defendants' actions.

## IV.      RECOMMENDATION.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** Witchard's case without prejudice; **ORDER** Witchard to file an amended complaint that complies with the guidance stated above within a time specified by the Court following its ruling on this Report and Recommendation; and **DENY** Witchard's motion to proceed *in forma pauperis* (Doc. No. 2) without prejudice to Witchard refiling it with the amended complaint.  Witchard should be advised that failure to file a proper amended complaint within the time specified by the Court may result in the case being closed without further notice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 12, 2013.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy